IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------- :
BRUEGGER'S ENTERPRISES, INC. : CASE NO. 1:04 CV 901
D/B/A BRUEGGER'S BAKERY CAFE :
 :
                         Plaintiff :
 : <u>MEMORANDUM OF OPINION AND</u>
         -vs- : <u>ORDER DENYING PLAINTIFF'S</u>
 : <u>MOTION FOR RELIEF FROM</u>
 : <u>JUDGMENT.</u>
MIDDLEBURG TOWNE SQUARE :
LIMITED PARTNERSHIP :
 :
                         Defendant
-------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      On 13 May 2004, Bruegger's Enterprises, Inc. ("Brueggers"), doing business as Bruegger's Bakery Café, filed suit against Middleburg Towne Square Limited Partnership ("Middleburg"). (ECF # 1). Brueggers alleged that Middleburg breached the Exclusive Use provision of its agreement with Brueggers by leasing another space in the Middleburg Towne Square Shopping Center ("the Shopping Center") to Dalcan, LLC, which operates Panera Bread Company restaurants ("Panera"). Brueggers maintained that Middleburg breached its agreement by leasing to Panera because Panera "use[s] in excess of fifteen percent of its premises for the preparation and sale of [bagels]." Id.

Discovery in this matter ended on 28 February 2005, and on 6 April 2005, Middleburg moved for summary judgment on all of Brueggers' claims. (ECF # 19, 20). Brueggers provided no brief in opposition and, after considering the parties' depositions, the lease agreement, other record evidence, and the relevant case law, the Court granted Middleburg's motion for summary judgment, dismissing Brueggers' claims on 6 July 2005. (ECF # 23, 24)

Before the Court is Brueggers' 21 July 2005 motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b), and its 18 July 2005 motion for an emergency status conference. (ECF 27, 25). Middleburg did not oppose Brueggers' efforts to convene a status conference, but did file a memorandum in opposition to the motion for relief from judgment on 1 August 2005. (ECF # 28). Brueggers filed a reply on 11 August 2005. (ECF # 30).

As an initial matter, the Court declares Brueggers' unopposed motion for an emergency status conference moot. Brueggers never responded to the Court's invitation for a telephonic conference and filed its motion for relief from judgment three days after its request for a hearing. By all indications, the plaintiff's later Rule 60(b) filing renders superfluous any need for a status conference on the issues. Accordingly, the Court turns to a consideration of Brueggers' plea for relief from judgment.

For the reasons set forth below, the Court denies Brueggers' motion for relief from judgment.

## I. BACKGROUND

On 6 April 2005 Middleburg moved for summary judgment by filing on the Court's electronic filing system ("ECF") which automatically provided notice to Karen Kelly Grasso ("Ms. Grasso"), one of Brueggers' attorneys on this matter, and to Thompson Hine's docket department. (ECF # 20). No dispute exists that Brueggers received an electronic copy of Middleburg's motion. (Grasso. Decla. ¶ 5). On 8 April 2005 Brueggers docketed a motion which appears on ECF simply as a "[m]otion to compel discovery filed by Bruegger's Enterprises, Inc. (Grasso, Karen)".[1] (ECF # 21). The document was misfiled and appeared as eight blank pages.[2] On 11 April 2005, the Court contacted Brueggers' counsel by telephone to inform her of the mistake, and entered the term "FILING ERROR (blank document)" onto the docket preceding Ms. Grasso's typed entry announcing the motion to compel. Id. The call to Ms. Grasso was also documented on ECF. Id. Middleburg's counsel, Stephan J. Schlegelmilch ("Mr. Schlegelmilch") provides additional documentary evidence that he notified Ms. Grasso via email of the filing error on 11 April 2005. (Declaration of Stephan J. Schlegelmilch ("Schlegelmilch Decla.") ¶ 9, Attach. 5). Mr. Schlegelmilch never received a response. Id.

Subsequent to the filing error on 8 April 2005, Brueggers docketed nothing until Ms. Grasso's co-counsel, Jennifer Fleming, filed the 18 July 2005 motion for an emergency

---

[1] The record indicates that Brueggers filed the motion to compel more than a month after the discovery deadlines had already passed, and that the information it sought in its motion was possessed by Panera and not by defendant Middleburg.

[2] The document that Brueggers represents it filed on 8 April 2004 is six, not eight, pages in length. (Grasso Decla. ¶ 6, Attach. C).

3

hearing with the Court.³ (ECF # 25). During that period of 102 days, Middleburg filed a reply to its own motion for summary judgment on 31 May 2005, and on 1 June 2005 forwarded a copy of that reply to Brueggers' counsel via certified mail, which the firm acknowledged receiving by signature on 7 June 2005. (ECF # 22; Schlegelmilch Decla ¶ 11 and Attach. 7). The Court issued a memorandum of opinion and order granting Middleburg's motion for summary judgment on 6 July 2005, the same day that it filed a judgment entry dismissing the matter. (ECF # 23, 24). On 11 July 2005, Middleburg notified Brueggers, through counsel, requesting plaintiff voluntarily reimburse Middleburg's attorney's fees, pursuant to § 33 (xv) of the parties' lease agreement. (Schlegelmilch Decla. ¶ 13 and Attach. 8). Brueggers then filed its motion for relief from judgment.

Brueggers maintains that on 8 April 2005, Ms. Grasso attempted to file a "Motion to Compel and to Extend Time for Summary Judgment," "seeking an order compelling the production of certain documents requested in Brueggers first Set of Interrogatories and Request for Production of Documents and, due to the essential nature of the requested information, additional time under Rule 56(f) in which to respond to Defendant's Motion for Summary Judgment."⁴ (Brueggers' motion for relief, p. 3; Grasso Decla. ¶¶ 6, 7, 8, Attach

---

³In her declaration attached to Brueggers' Rule 60(b) pleading, Ms. Grasso maintains that she was "the attorney who exclusively handled" the matter. While Ms. Grasso was certainly the attorney to whom ECF filings were automatically sent via email, the record indicates that Ms. Fleming and Alexandra Geffert also represented Brueggers in this matter prior to the Court's grant of summary judgment. (Greco Tr. P. 2; Brueggers' motion for relief from judgment, Grasso Decla., Attach. A. p. 8; Exh. C; p. 1, 5).

⁴Nothing in the record indicates that Brueggers followed up on its motion to compel, in an effort to conduct further discovery, nor that plaintiff inquired into whether an unanswered, let alone ungranted, motion to extend time for summary judgment altered, in any way, the responsive limit of 30 days to answer defendant's dispositive motion. L.R.

C.). In the 8 April 2005 docket record entry provided by Brueggers as proof of her filing, Ms. Grasso entered only the following text: "Motion to compel discovery filed by Bruegger's Enterprises, Inc.," rather than the now represented "motion to compel and to extend time for summary judgment." (Grasso Decla. ¶ 8, Attach. C, D). In response to the 11 April 2005 filing of the Court's telephonic notice to counsel, informing her of a filing error, Ms. Grasso declares she did "not recall receiving notification by phone." (Grasso Decla. ¶ 9).

## II. LAW AND ARGUMENT

Rule 60(b)(1) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In order to be granted relief under Rule 60(b)(1), the moving party must demonstrate: "(1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he [or she] has a meritorious defense." Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980) (citations omitted). Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof. See Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001) (citing Couch v. Travelers Ins. Co., 551 F.2d 958, 959 (5th Cir.1977)). The courts have defined "neglect" to include " 'late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control.' " Id. at 386

---

7.1.

(quoting Pioneer Invest. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).  The party seeking relief bears the burden of proving both elements.  Although Rule 60(b)(1) does not define the term "excusable neglect," the courts have determined the existence of excusable neglect by making an equitable determination based upon the following factors: "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." Id. (citing Pioneer, 507 U.S. at 395, 113 S.Ct. 1489).

However, where the district court granted summary judgment on the merits, rather than on procedural default, these factors are not controlling.  See id., 250 F.3d at 386; Burnley v. Bosch Americas Corp., 75 Fed. Appx. 329, 333 (6th Cir. 2003) (failing to file a timely response to a motion for summary judgment was inexcusable neglect because, unlike default judgments, the matter had been determined on its merits);  Rice v. Consolidated Rail Corp., 67 F.3d 300, 1995 WL 570911, at *6 (6th Cir.1995) (unpublished) (citing Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir.1984) (failure to respond to a motion for summary judgment warrants a finding of inexcusable neglect)). "An attorney's inexcusable neglect is normally attributed to his [or her] client."  Allen v. Murph, 194 F.3d 722, 723 (6th Cir.1999).

In consideration of the standards enunciated in this Circuit, Brueggers has not demonstrated that it committed the excusable neglect necessary to warrant relief from this Court's judgment on the merits.  Brueggers relied upon its misfiled motion in the face of a telephonic alert from the Court, an email from opposing counsel, notification by certified

6

mail of a reply by opposing counsel, and the clear and unmistakable docket entry which notified the parties that plaintiff's motion to compel was a blank document filed in error. Moreover, knowing that Middleburg had filed a motion for summary judgment, Brueggers, nevertheless, relied on its motion to compel even though it was never granted. For the span of 102 days, Brueggers was completely quiescent in this matter. Accordingly, nothing in this series of events merits the Court's finding of excusable neglect. See Burnley v. Bosch Americas Corp., 75 Fed. Appx. at 333 (plaintiff did not exhibit excusable neglect in not responding to defendant's summary judgment motion even though court found he demonstrated good faith because he filed for an extension two days after the court granted defendant's motion for summary judgment).

Moreover, the Court determines that Middleburg would be substantially prejudiced if Brueggers' Rule 60(b)(1) motion were granted. Middleburg expended considerable resources litigating this claim, Bruegger had ample time to conduct discovery and failed to present evidence substantiating its claim of breach of the parties' Agreement, specifically, the Exclusive Use provision. The Court granted Middleburg's motion for summary judgment on the merits, after viewing the evidence in the light most favorable to Brueggers and considering the parties' depositions, the Lease Agreement, two declarations, other documentary evidence, and the relevant case law. Accordingly, Brueggers' neglect was inexcusable, and does not warrant relief under Rule 60(b)(1).

Having found Brueggers' neglect inexcusable, the Court need not address the plaintiff's contention that it possessed a meritorious defense. Nevertheless, upon consideration of its argument, the Court additionally concludes that Brueggers has not

7

established the "meritorious defense" requirement. The courts have defined a meritorious defense as a "defense good at law." In re Park Nursing Ctr., Inc., 766 F.2d 261, 264 (6th Cir.1985). The test is whether "the facts alleged by the [plaintiff] would constitute a meritorious defense if true." Id.

Brueggers contends that its motion to compel would have forced Middleburg to produce "sales information" for the Panera restaurant, permitting plaintiffs to provide material issues of fact precluding summary judgment. Yet, Middleburg did not possess the sales information pertaining to Panera restaurant and provided the evidence they did have – two declarations from Panera employees – to Brueggers on 6 April 2005. (ECF # 20, Exh. 6, 9; Schlegelmilch Decla. ¶6). Moreover, the Court has already determined that "any calculation of the percentage of Panera's sales which is attributable to bagels is immaterial." (ECF # 23). As a consequence, the sales information sought by Brueggers in its motion to compel would not have generated a material question of fact precluding summary judgment.[5] Finally, Brueggers' contention that the Exclusive Use Provision was ambiguous, precluding summary judgment, is not well taken. The Court fully considered the language of the Agreement and the applicable legal standards and concluded that the

---

[5] The Court's conclusion with regard to the sales information sought by Brueggers applies with equal force to the plaintiff's contention that information regarding the allocation of the restaurant's space to seating would have allowed it to present an issue of material fact. Brueggers already possessed such information and the Court concluded that an examination of customer seating as the touchstone for an analysis of the space used for the "preparation and sale" of bagels does not "comport with a plain reading of the agreement, which relies upon preparation and sales figures rather than customer accommodations." (ECF # 23 p. 12).

ordinary meaning of the words set forth in the Exclusive Use Provision would control, thus precluding ambiguity. (ECF # 23 pp. 10-12).

### III. CONCLUSION

For the reasons set forth above, Brueggers' motion for relief from judgment is denied.

IT IS SO ORDERED.

   /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 2 September 2005